# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JERRY ARMIJO,**

        **Plaintiff,**

vs.                               Civil No: CV 08-00336 MCA/ACT

**STATE OF NEW MEXICO,**
**NEW MEXICO DEPARTMENT OF**
**TRANSPORTATION,**

        **Defendant.**

## JOINT STATUS REPORT AND PROVISONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on May 15, 2008 and was attended by:

| | |
|---|---|
| For Plaintiff: | Gilbert J. Vigil, Esq., <br> 1615 Central Avenue NW <br> Albuquerque, NM 87104 |
| For Defendant: | Mark A. Basham, Esq., <br> Basham & Basham, P.C. <br> 2205 Miguel Chavez Rd., #A <br> Santa Fe, NM 87505 |

## NATURE OF CASE

Plaintiff: This is an action brought under the Fourteenth Amendment of the United States Constitution and the Fourth Amendment of the United States Constitution. Plaintiff also asserts common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing and wrongful discharge.

1

Defendant:

The New Mexico Department of Transportation denies that discrimination motivated the decision to terminate Plaintiff's employment. Plaintiff was terminated based on a positive drug test after being randomly selected by an independent Third Party Administrator who had no knowledge of his race or national origin. NMDOT also denies that it breached of any contract with the Plaintiff, or violated any of Plaintiff's constitutional rights.

## AMEDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: None at this time.

Plaintiff should be allowed until June 16, 2008 to amend the pleadings and until June 16, 2008 to join additional parties.

Defendants intend to file: None at this time

Defendants should be allowed until July 16, 2008 to amend pleadings and until July 16, 2008 to join additional parties.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: Any and all factual allegations in the Complaint that are unconditionally admitted in Defendants' Answer.

2

The parties further stipulate and agree that the law governing this case is: The United States Constitution and New Mexico common law. No other stipulations on the law at this time.

## PLAINTIFF'S CONTENTIONS:

Plaintiff was hired on December 13, 1993. Plaintiff was employed by the Department until his wrongful termination on August 17, 2005. At the time of his wrongful discharge, Plaintiff was employed as a Highway Maintenance Worker A.

On July 5, 2005 Plaintiff was served with a Notice of Contemplated Action that proposed dismissing him from his employment. This proposal was based on allegations that Plaintiff had used controlled substances while an employee of the State. On August 15, 2005 the State issued a Notice of Final Action to Plaintiff, terminating him from employment effective August 17, 2005.

This termination occurred without cause and in violation of the law. Plaintiff had not used any illicit substances, and he was denied due process as the Defendant previously declined to reschedule his Oral Response Meeting. Plaintiff was also denied progressive discipline, which should have applied due to his satisfactory job performance.

Based upon information and belief, Plaintiff was tested for drug use much more frequently than similarly situated employees.

## DEFENDANT'S CONTENTIONS:

The State of New Mexico Department of Transportation ("NMDOT") denies that it discriminated against Plaintiff by terminating his employment after a positive drug test. Plaintiff was employed as a Highway Maintenance Worker –A by NMDOT. This

classification is considered a safety sensitive position, and the employee in the position is subjected to random drug and alcohol testing.

On May 25, 2005 Plaintiff, who holds a Commercial Driver's License (CDL) to operate heavy equipment, was selected for random urinalysis testing pursuant to NMDOT program compliance with NMDOT Administrative Directive (AD) 633, Omnibus Drug and Alcohol Testing Program, effective December 6, 2001. This AD sets up random drug and alcohol testing for all CDL holders, who are classified in safety sensitive positions pursuant to the Omnibus Transportation Employee Testing Act of 1991.

The NMDOT testing program is independently administered by The Safety Institute, a contractor based in Alamogordo, New Mexico. In accordance with the agreement, The Safety Institute is obligated to select employees to be tested each quarter from the pool of all eligible employees (approximately 1220 employees) in such a way that all employees in the pool have an equal chance of being selected. The quotas for each quarter equal a minimum of 50% for drug testing and 10% for alcohol testing of the entire pool. The NMDOT furnishes employee social security numbers and contact information on a quarterly basis to the Safety Institute. Thus, Safety Institute is not provided with any information which would indicate the race or national origin of the employees in the pool. Because urinalysis testing is random through a computer generated list of numbers which are then linked to Social Security Numbers, it is possible for an employee to be selected more than once per year. The NMDOT does not make the selection of employees for random drug testing.

On May 25, 2005, the Plaintiff was randomly selected for a urinalysis drug screen test. The sample was "split" to provide for testing of half to the sample and controlled

4

storage of the other half for potential future testing. The results of the test indicated that he tested positive for cocaine and marijuana. An Independent Medical Review Officer verified and confirmed the positive drug test results. On June 10, 2005, Plaintiff requested to have the split sample tested, which also came back positive. On June 27, 2005, the Plaintiff was placed on administrative leave.

A NMDOT Notice of Contemplated Action (NCA) letter was served on Plaintiff on July 5, 2005 proposing his dismissal from employment based upon abuse of controlled substances in violation of AD 633 Omnibus Drug and Alcohol Testing Program. Pursuant to the State Personnel Board Rules, an Oral Response Meeting (ORM) was offered and scheduled but due to the unavailability of Plaintiff's attorney-- it was rescheduled. Plaintiff could not be located at the time of the second scheduled ORM, and NMDOT elected to proceed with discipline of dismissal as announced by the Notice of Final Action letter dated August 15, 2005. NMDOT based its dismissal of Plaintiff on the basis of his positive drug test.

Plaintiff appealed his dismissal as permitted by the State Personnel Board Rules. As permitted by the Rules, he was afforded hearing before an administrative law judge, pre-hearing discovery, representation by counsel, ability to call witnesses and cross-examine witnesses offered by NMDOT. During the hearing, the Plaintiff testified that if the positive sample was really his sample he must have been unknowingly drugged by co-workers jealous of his reassignment to the Raton, New Mexico area.

The administrative law judge held that the basis for Plaintiff's termination was not pretextual and that his due process rights were not violated. Nevertheless, the administrative law judge recommended that the State Personnel Board overturn the

Plaintiff's termination because the NMDOT did not offer witness testimony to authenticate the relevant drug collection and testing forms. Thus, the forms documenting the positive drug test were ruled inadmissible. The State Personnel Board adopted the administrative law judge's findings of fact and conclusion of law and ordered the Plaintiff reinstated to his former position.

There is no basis for liability and NMDOT is entitled to dismissal of this suit. Because the facts known to both the plaintiff and the defendant at this stage do not support the claims stated in the complaint, defendant may be entitled to an award of its fees and costs for having to defend a frivolous lawsuit.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: (*Use separate paragraphs or subparagraphs as necessary if parties disagree.*)

(*list all witnesses, name, title, address and brief summary of testimony. List all documents you believe will believe at this time will be exhibited at trial. List all experts, name, address, area of expertise, a brief summary of their anticipated testimony.*)

### PLAINTIFF'S WITNESSES

1. Jerry Armijo, Plaintiff, will testify to all allegations contained in his complaint, as well as his damages.

2. Ray McFall, Supervisor, NMDOT, will testify regarding Plaintiff's excellent work ethic, and regarding the disproportionate number of drug tests issued to Plaintiff and his disbelief that Plaintiff used any drugs.

3. Thomas Pacheco, NMDOT, was a long-time coworker of Plaintiff and will testify that he has never known Plaintiff to do drugs, and that Plaintiff was a stellar employee.

4. David Wingo, AMS, NMDOT, will testify to his regular contact with Plaintiff and to Plaintiff's excellent work ethic and performance. Mr. Wingo will also testify that he never suspected Plaintiff of using drugs, and that he was in a position where he was likely to be aware of whether Plaintiff used drugs or not.

5. Bill Johnson, AMS, Retired, NMDOT, will testify regarding Plaintiff's moral character and work ethic, and his positive reflection on the NMDOT.

6. Robert Saddonis, NMDOT, was a coworker of Plaintiff with more frequent contact with Plaintiff than any other employee who will testify that he never saw any evidence of Plaintiff having used any drugs or alcohol.

7. James Garcia, NMDOT, will testify regarding Plaintiff's work ethic and history with the Department, and will testify regarding his knowledge concerning Plaintiff's failed drug test. Mr. Garcia was Plaintiff's direct supervisor in Raton.

8. All witnesses that are identified through the course of discovery.

9. All witnesses identified by Defendants;

10. All witnesses whose identities are identified during trial;

11. All witnesses who cannot be anticipated prior to rebuttal.

## DEFENDANTS' WITNESSES

1. Todd Wilson
   Safety Manager
   NMDOT Risk Management Bureau
   C/O Basham & Basham, P.C.
   2205 Miguel Chavez, Suite A
   Santa Fe, New Mexico 87505
   988-4575

Mr. Wilson will testify about NMDOT's random drug testing policy and its contract with The Safety Institute to administer the drug testing. He will also testify to the disciplinary action.

2. Jose E. Marquez
   Occupational Health and Safety Specialist
   C/O Basham & Basham, P.C.

7

       2205 Miguel Chavez, Suite A
       Santa Fe, New Mexico 87505
       988-4575

Mr. Marquez will testify about NMDOT's random drug testing policy and its contract with The Safety Institute to administer the drug testing.

    3.    Lance J. Spere
         Part Owner and General Manager
         The Safety Institute
         1518 Indian Wells
         Alamogordo, New Mexico 88310
         (505) 439-1509

Mr. Spere will testify regarding The Safety Institute contract with NMDOT and its administration of the random drug testing policy. He will testify that Safety Institute is not provided with any information which would indicate the race or national origin of the NMDOT employees in the pool.

    4.    Dennis Brown
         Specimen Collector
         The Safety Institute
         1518 Indian Wells
         Alamogordo, New Mexico 88310
         (505) 439-1509

Mr. Brown will testify as to his role in the drug testing procedures involving the Plaintiff.

    5.    Dr. Gilbert Heredia
         Medical Review Officer
         The Safety Institute
         The Safety Institute
         1518 Indian Wells
         Alamogordo, New Mexico 88310
         (505) 439-1509

Dr. Heredia will testify as to his role in the drug testing procedures involving the Plaintiff and his confirmation of Plaintiff's positive test results.

    6.    Jennifer A. Collins, Ph.D
         Medtox Laboratories Inc.
         402 West County Road D
         St. Paul, MN 55112
         (651) 636-7466

Dr. Collins will testify as to the testing of Plaintiff's specimen in accordance with applicable federal requirements, screening performed, and the positive results.

7. Michelle Bunker
Medtox Laboratories Inc.
402 West County Road D
St. Paul, MN 55112
(651) 636-7466

Ms. Bunker will testify as to her certification of Plaintiff's positive drug testing results.

9. David M. Goncalves
Project Manager
Scanlon Associates
125 Hoy Street
State College, PA 16801
(814) 238-5103

Mr. Gonzales will testify that the software system utilized can perform computer-generated random selections upon a pool of participants and that the random selection algorithm, and the RandSel Tracking system work together to ensure that these selections are free from user bias. He will testify that the random selection process is unbiased.

10. Paul W. Gray
District IV Engineer

Mr. Gray will testify to the nature of the discipline implemented and reasons therefore. He will testify to all matters material to the allegations in the complaint of which he has personal knowledge of.

11. Any witness identified by the Plaintiff.

12. Any witness whose identity cannot reasonably be determined at this time.

13. Any witness necessary to authenticate a document.

## **PLAINTIFF'S EXHIBITS**

1. Notice of Contemplated Action, dated July 1, 2005;

2. Notice of Final Action, dated August 15, 2005;

3. Selected letters of support from coworkers and community members;

9

4. Plaintiff's Personnel File maintained by the NMDOT, District IV, Human Resources Bureau;

5. Plaintiff's job performance evaluations;

6. Collection of Plaintiff's certificates and awards received;

7. Agreement between the State of New Mexico and the New Mexico State Labor Coalition;

8. Plaintiff's tax returns;

9. Plaintiff's medical records;

10. Defendant's Policies and Procedures;

11. State Personnel Rules and Procedures;

12. Plaintiff reserves the right to use any exhibit listed by the Defendant;

13. Exhibits revealed during the course of discovery;

14. Rebuttal exhibits.

## DEFENDANTS' EXHIBITS

1. NMDOT Administrative Directive 633 "Omnibus Drug and Alcohol Testing Program"

2. Relevant and applicable State Personnel Board Rules including 1.7.8.8 NMAC, Omnibus Transportation Employee Testing Act of 1991; 1.7.8.11 NMAC, Designation of Safety Sensitive Positions; 1.7.8.11 NMAC, Authorized Drug and Alcohol Testing; 1.7.8.13 NMAC, Drug Tests; and 1.7.8.15 NMAC, Report of Test Results together with 1.7.11 NMAC, Discipline.

3. Personnel Board Classification Plant for Highway Maintenance Worker A.

4. Appellant's acknowledgement of receipt of the Department's Policy on a drug free workplace dated, February 16, 2004, February 24, 2003, February 13, 2002 and February 2, 2001.

5. Federal Drug Testing Custody and Contract Form No. Y11290134 for specimen collected May 25, 2005.

6. Federal Drug Testing Custody and Contract Form No. Y11290134 for specimen signed by Dr. Heredia, dated June 10, 2005.

7. Letter of notification dated June 27, 2005 from Paul Gray, District IV Engineer to the Plaintiff advising the Plaintiff he had failed his drug test and was on Administrative Leave immediately.

8. Notice of Contemplated Action, dated July 1, 2005 proposing Plaintiff's dismissal from employment.

9. Letter from Appellant's Counsel, Gilbert Vigil, Esq. dated July 14, 2005 requesting Oral Response Meeting to be scheduled.

10. Letter dated July 15, 2005 from Paul Gray, District IV Engineer, in response to Appellant's Counsel's request, scheduling the ORM for July 28, 2005.

11. Notice of Final Action, dated August 15, 2005 dismissing Plaintiff from employment.

12. Plaintiff's Personnel File maintained by the NMDOT, District IV, Human Resources Bureau.

13. NMDOT Professional Services Agreement entered into between NMDOT and The Safety Institute dated March 29, 2004.

14. Copies of two pictures of a split specimen collection kit cup.

15. Medtox Laboratory Computer Generated Laboratory Report reflecting quantitative measurement results for sample Y11290134.

16. ALJ Recommended decision to the State of New Mexico Personnel Board dated May 8, 2006.

17. Decision of State of New Mexico Personnel Board dated June 8, 2006.

18. Appellant's Answers to Appellee's First Set of Interrogatories and Request for Production of documents before the State of New Mexico Personnel Board.

19. Appellant's Affidavit of Earnings and attachments before the State of New Mexico Personnel Board.

20. NMDOT Administrative Directive 505, Employment Discrimination.

21. NMDOT Employee Civil Rights Handbook, Complaint Procedures

23. New Mexico Department of Labor Human Rights Division, *Determination of No Probable Cause* dated June 7, 2006.

24. David M. Goncalves of Scanlon Associates letter To Whom It May Concern dated June 27, 2000.

25. Plaintiff's HRD Charge of Discrimination.

26. EEOC Dismissal And Notice of Rights dated July 18, 2006.

27. Plaintiff's New Mexico Human Rights Division investigative file

28. Any rebuttal exhibits that could not be reasonably anticipated.

29. Any exhibit listed by the Plaintiff.

Discovery will be needed on the following subjects: Plaintiff's theories of liability and claims for damages, as well as Defendant's defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service.)

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service.)

Maximum of 4 depositions by Plaintiff and 4 by Defendant.

Each deposition (other than of Plaintiff) limited to maximum of 5 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by July 29, 2008

    from Defendants by August 29, 2008

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be completed by September 28, 2008.

Discovery on (*issue for early discovery*) to be completed by_____.

Other items: *(use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file:     Motions in Limine

Defendant intends to file: Motions to dismiss, motions for summary judgment based on applicable immunities, if any, and/or on the merits, and any relevant motions in limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days.

_____ This is a non-jury case.

__x__ This is a jury case.

The parties request a pretrial conference in September 2008.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery.

The parties request a settlement conference in August 2008.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXEPTIONS
(note exceptions above)


Telephonically Approved May 22, 2008

_____
GILBERT J. VIGIL, ESQ.
1615 Central Ave NW
Albuquerque, NM 87104
(505) 242-1796

13

Basham & Basham, P.C.


By____/s/_____
    Mark A. Basham
    Basham & Basham, P.C.
    2205 Miguel Chavez, Suite A
    Santa Fe, New Mexico 87505
    (505) 988-4575
    Attorneys for Defendants