**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JERRY ARMIJO,

    Plaintiffs,

vs.                                                                                         No. CIV 08-0336 JB/ACT

STATE OF NEW MEXICO,
NEW MEXICO DEPARTMENT OF
TRANSPORTATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, filed January 12, 2009 (Doc. 32). The Court held a hearing on March 13, 2009. The primary issues are: (i) whether the Court should dismiss Plaintiff Jerry Armijo's § 1983 claims because of Eleventh Amendment immunity; (ii) whether the Court should allow Armijo to amend his Complaint to cure jurisdictional defects; and (iii) whether the Court should dismiss all claims for failure to state claims under Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Because Defendant the New Mexico Department of Transportation waived Eleventh-Amendment immunity by removing this case to federal court, the Court will take jurisdiction. Because the Court finds, however, that Armijo fails to state a claim on his constitutional and state-law causes of action, the Court will dismiss Armijo's claims against the Department without prejudice. Armijo may, within ten days of this Memorandum Opinion and Order being entered, amend his Complaint and file his Amended Complaint to cure the defects in his Complaint and to properly plead his claims.

**FACTUAL BACKGROUND**

Armijo was a Department employee. See Attachment to Notice of Removal, Complaint for

Damages ¶ 4, at 2 (filed in federal court March 28, 2008)("Complaint").  At some point during his employment with the Department, Armijo faced accusations that he had used controlled substances while a state employee.  See id. ¶ 6, at 2.  On the basis of the substance-abuse allegations, the Department served Armijo with a Notice of Contemplated Action that proposed dismissing Armijo from employment.  See id.   On August 15, 2005, the State issued a Notice of Final Action to Armijo, terminating him from his employment effective August 17, 2005.  See Complaint, ¶¶ 6-7, at 2.

Armijo alleges in his Complaint that he did not use illicit drugs and that he did not receive the procedures to which he was entitled before being terminated.  See Complaint ¶ 8, at 2.  He states that the State did not allow him to reschedule his Oral Response Meeting[1] and that he was denied progressive discipline, which he should have received, given his satisfactory job performance.  See id.

**PROCEDURAL BACKGROUND**

Armijo raises five counts in his Complaint: (i) violation of his rights under the Equal-Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; (ii) breach of contract; (iii) breach of the implied covenant of good faith and fair dealing; (iv) wrongful discharge; and (v) violations of substantive and procedural due process pursuant to 42 U.S.C. § 1983.  The Department removed this case to federal court on March 28, 2008.  See Petition for Removal of Cause to Federal Court, filed March 28, 2008 (Doc. 1).

The Department now moves the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedures, for an order dismissing all claims brought under § 1983 and dismissing all claims for

---

[1] Armijo does not explain or define "Oral Response Meeting."  Nor does he explain why he needed his Oral Response Meeting to be rescheduled.

failure to state a claim. The Department argues that it is not a "person" for purposes of 42 U.S.C. § 1983. See Defendant's Brief in Support of Motion to Dismiss at 1, filed January 12, 2009 (Doc. 33)("Brief"). The Department contends that, because it is not a person subject to suit under 42 U.S.C. § 1983, the Court does not have subject-matter jurisdiction. See Brief at 1. The Department also maintains that the Court should dismiss all of Armijo's causes of action – constitutional and non-constitutional – because those causes of action fail to meet the Twombly standard. See Brief at 3.

Although Armijo had a lawyer when he filed his Complaint, his lawyer has since withdrawn from the representation. Armijo, who is now proceeding pro se, represented himself at the most recent hearing.

At the hearing on this motion, Armijo clarified that the party he wished to sue was the Department. See Transcript of Hearing at 13:2-3 (taken March 13, 2009)(Armijo)("Tr.").[2] The Court asked Armijo if he would prefer the Court to dismiss his federal claims, in the event it does not have subject-matter jurisdiction over them, and remand the state claims, or whether he would prefer the Court to allow him to amend his Complaint to cure jurisdictional or other defects so that he could remain in federal Court. See Tr. at 17:11-14 (Court). Armijo indicated that he would like the opportunity to amend his Complaint and remain in federal court. See Tr. at 15:15-16 (Armijo). The Court noted its concern that, if the Eleventh Amendment precluded jurisdiction, the Court would not be able to grant leave to amend. See Tr. at 20:12-16 (Court).

**LAW REGARDING MOTIONS TO DISMISS**

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1967, 1969). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual

support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177.  The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 127 S Ct. at 1974)(internal citations omitted).

## ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The immunity articulated in the Eleventh Amendment has also been construed to prohibit federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent. See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). State agencies and state officials are likewise provided immunity as "an arm of the state." Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 280-81 (1977).

### 1. Exceptions to Eleventh Amendment Immunity.

Exceptions to a state's Eleventh Amendment immunity are few. A state may, however, voluntarily waive its immunity. See Edelman v. Jordan, 415 U.S. 651, 673 (1974). Congress may also abrogate Eleventh Amendment immunity pursuant to section 5 of the Fourteenth Amendment to the Constitution of the United States, where the statute explicitly manifests Congress' intent to do so. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). Congress did not, however, abrogate Eleventh Amendment immunity when enacting 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S.

332, 340 (1979). Consequently, Eleventh Amendment immunity extends to state defendants under that statute, and claims pursuant thereto in the federal courts are barred as a matter of law.

Although not properly characterized as an exception to a state's Eleventh Amendment immunity, the Ex parte Young doctrine allows for suits against state officials under certain circumstances. See Elephant Butte Irrigation District of New Mexico v. Department of the Interior, 160 F.3d 602, 607-08 (10th Cir. 1998)("The Ex parte Young doctrine is not actually an exception to Eleventh Amendment state immunity because it applies only when the lawsuit involves an action against state officials, not against the state."). In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court of the United States held that the Eleventh Amendment bar generally does not apply to state officials defending suit in federal court which seeks only prospective relief from violations of federal law. The Ex parte Young doctrine allows suit to proceed against defendant state officials if the following requirements are met: (i) the plaintiffs are suing state officials rather the state itself; (ii) the plaintiffs have alleged a non-frivolous violation of federal law; (iii) the plaintiffs seek prospective equitable relief rather than retroactive monetary relief from the state treasury; and (iv) the suit does not implicate special sovereignty interests. See Elephant Butte Irrigation District of New Mexico v. Department of the Interior, 160 F.3d at 609 (10th Cir. 1998).

### 2. **Removal as a Waiver of Sovereign Immunity.**

When a state removes a case to federal court, it invokes federal jurisdiction and waives Eleventh Amendment immunity. In Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613 (2002), the Supreme Court held that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum." Id. The Supreme Court noted: "[I]t is easy enough to presume that an attorney authorized to represent the State can bind it to the jurisdiction of the

federal court (for Eleventh Amendment purposes) by the consent to removal." Id. (internal quotation marks omitted).

While Lapides v. Board of Regents of the University System of Georgia was arguably limited to the context of state law claims for which the state had explicitly waived immunity to suit in state court, the United States Court of Appeals for the Tenth Circuit has held that consent to remove a case to federal court also constitutes waiver in the context of federal claims. See Estes v. Wyoming Dept. of Transp., 302 F.3d 1200, 1206 (2002). In other words, when a state removes federal-law claims from state court to federal court, the state unequivocally invokes the jurisdiction of the federal court. See id.

## ANALYSIS

The Court will grant the motion in part. The Court will dismiss all the § 1983 claims against the Department. The Department is not a proper party in a § 1983 suit, because the Department, as an arm of the State of New Mexico, is not a "person" against whom a § 1983 suit can be brought for damages. The Court also finds that Armijo's state-law claims fail under rule 12(b)(6). Accordingly, the Court will dismiss those claims as well. The Court will allow Armijo ten days to amend his Complaint to name a proper party or parties in the § 1983 claims, and to otherwise set forth facts sufficient to satisfy the Twombly standard.

**I. THE DEFENDANTS WAIVED ELEVENTH-AMENDMENT IMMUNITY BY REMOVING THIS CASE TO FEDERAL COURT.**

The immunity articulated in the Eleventh Amendment prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent. See Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. at 304. State agencies and state officials are likewise provided immunity as "an arm of the state." Mt. Healthy City Bd. of Ed.

v. Doyle, 429 U.S. at 280-81. The Eleventh Amendment would therefore generally protect the Department – which is an arm of the State of New Mexico – from a suit for damages. Specifically, the Court would not have jurisdiction to hear a damages suit against the Department.

In this case, however, the Department removed the case to federal court. See Petition for Removal of Cause to Federal Court at 1. "[R]emoval is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum." Lapides v. Board of Regents of the University System of Georgia, 535 U.S. at 624. This Court has recently held that, "if the Defendants' counsel has the authority, under state law, to represent the Defendants – who are state agencies – then counsel may waive the Eleventh Amendment immunity defense by consenting to remove this case to federal court." Abreu v. New Mexico Children, Youth and Families Department, Civ. No. 08-1006 JB/RLP, Memorandum Opinion and Order at 14, entered January 26, 2009 (D.N.M.)(Browning, J.).

In Abreu v. New Mexico Children, Youth and Families Department, the Court addressed whether risk-management attorneys representing a state entity could waive sovereign immunity by removing a case to federal court, or whether the state attorney general must effect the removal for a waiver of immunity to be valid. See id. at 7-8. The Court stated: "Given that the attorneys are authorized, under state law, to represent the Defendants in this case, those attorneys' act of removing the case to federal court is a valid invocation of federal jurisdiction." Id. at 15.

Neither party has contended that the attorney representing the Department lacks authority to represent the Department in this case. In the absence of any argument or evidence to the contrary, the Court presumes the representation is valid and finds that counsel had the authority to remove this case to federal court. By removing the case to federal court and invoking its jurisdiction, the Department has carried out an effective waiver of Eleventh-Amendment immunity. The Court is

not aware of any other jurisdictional bars and will accordingly take jurisdiction over this case.

## II. ARMIJO'S 42 U.S.C. § 1983 CLAIMS CANNOT LIE AGAINST THE STATE.

Armijo made it clear at the hearing that he sought to sue only the Department. See Transcript of Hearing at 13:2-3 (Armijo). The law is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)(emphasis in original). See Stidham v. Peace Officer Standards And Training, 265 F.3d 1144, 1156 (10th Cir. 2001)("Defendants correctly aver that neither a State nor its officials acting in their official capacities are 'persons' under § 1983 . . . . Thus, neither POST, as a governmental entity, nor the individual Defendants, in their official capacities for the State, may be sued for damages under that section.")(internal quotation marks and citations omitted). Thus, the Department, as an arm of the state, is not a proper defendant in Armijo's § 1983 claims. Armijo has not named any defendants who are not state entities. The Court will therefore dismiss Armijo's § 1983 claims.

The Court notes that the Department, in its brief, argued that the Court lacked subject-matter jurisdiction because the state entity is not a person under 42 U.S.C. § 1983. See Brief at 1. While the Court agrees that the Department is not a person amenable to a claim under 42 U.S.C. § 1983, the Court believes dismissal for such a defect is for failure to state a claim under rule 12(b)(6) and not for lack of subject-matter jurisdiction. In Will v. Michigan Department of State Police, the Supreme Court noted that, in enacting 42 U.S.C. § 1983, Congress did not intend to curb states' Eleventh-Amendment immunity. 491 U.S. at 66. The Supreme Court explained:

> Given that a principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil

rights claimants to avoid through § 1983."

Will v. Michigan Department of State Police, 491 U.S. at 66.  Thus, part of the Supreme Court's rationale for finding that states are not "persons" under 42 U.S.C. § 1983 was that Congress did not intend to disturb the federal-state balance with 42 U.S.C. § 1983 to the point of overriding Eleventh-Amendment immunity.  Nevertheless, the Supreme Court carefully noted: "This does not mean . . . that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues.  Certainly they are.  But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it."  Will v. Michigan Department of State Police, 491 U.S. at 66-67.

In light of this language, the Court believes that the issue when a plaintiff attempts to sue the state pursuant to 42 U.S.C. § 1983 is not only whether a court has subject-matter jurisdiction, but also whether the plaintiff fails to state a claim upon which relief can be granted.  Under Will v. Michigan Department of State Police, there is no 42 U.S.C. § 1983 for damages against the state.  Thus, the Court has jurisdiction to reach the merits and to hold that an attempt, such as the one in this case, to sue the state under 42 U.S.C. § 1983 fails to state a claim.

The Court so holds at this time.  Armijo fails to state a claim under 42 U.S.C. § 1983, because he has named the state – an entity Congress chose not to subject to such a lawsuit.  Because Armijo fails to state a claim under to 42 U.S.C. § 1983, the Court will dismiss his 42 U.S.C. § 1983 claims pursuant to rule 12(b)(6).

### III.     ARMIJO'S STATE-LAW COUNTS FAIL TO STATE A CLAIM.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citation omitted).  "[T]he Supreme Court recently . . . prescribed a new inquiry for

us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1967, 1969). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177.

In this case, Armijo has made a few conclusory allegations, but has not given an indication of the factual support he would need to prevail on his claim. Count II, for Breach of Contract, for example, states that the Department would follow state employment policies and procedures, and that the Department terminated him in breach of those policies without just cause. Armijo does not, however, indicate what contractual provisions or employment policies the Department breached. For example, he does not say to what his employment contract entitles him or of what the Department deprived him. The Federal Rules of Civil Procedure allow for liberal pleading, but a plaintiff must provide some facts that the Court can evaluate to determine whether there is a reasonable likelihood that the plaintiff will be able to muster factual support for his claims.

Armijo states: "Defendant terminated Plaintiff without just cause, acting outside of its own written employment policies and procedures." Complaint ¶ 22, at 4. Whether the termination occurred without just cause, or outside employment policies and procedures, is a legal conclusion. Armijo, however, fails to lay out a minimal factual narrative to apply in reaching such legal

-11-

conclusions. To find in Armijo's favor, based on the Complaint, the Court would be forced to speculate and supply facts. Under such circumstances, the Complaint is inadequate.

Similarly, in the counts for breach of the covenant of good faith and fair dealing and for wrongful termination, the Complaint sets forth conclusions without adequate factual support. The claim for breach of the covenant of good faith and fair dealing is derivative of the breach-of-contract claim. Given that the breach-of-contract claim is inadequate, the Court does not believe the dependent claim for breach of the covenant of good faith and fair dealing can stand.

The Complaint contains very little in the way of factual narrative. The most the Court can surmise from the Complaint is that the Department instituted some procedure against Armijo which culminated in him being terminated. The motivation for those proceedings was an allegation of substance abuse. The Complaint does not give much more detail beyond those facts. The Complaint instead contains various conclusions. Armijo states in his claim for breach of the covenant of good faith, for example, that, "[i]n the employment relationship between Defendant and Plaintiff, there was an implied covenant of good faith and fair dealing, which required Defendant to not hinder the intended results of the employment relationship between the parties." Complaint ¶ 25, at 5. Armijo states that the Department breached this duty by terminating him and acting in bad faith. See id. ¶ 26, at 5. The Complaint does not, however, include facts that would allow the Court to rule in Armijo's favor. There is no narrative in the Complaint explaining what acts constituted bad faith, and why those acts were done in bad faith.

Armijo's wrongful-termination claim is based on violations of the "public policy of the United States, as expressed through the Constitution, the laws passed pursuant to it, and the public policy of the state of New Mexico as expressed through the New Mexico Constitution, the laws passed pursuant to it, and the common law of the State of New Mexico." Complaint ¶ 30, at 5.

Such vague legal conclusions, however, do not survive Twombly. The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d at 1247 (quoting Bell Atl. Corp. v. Twombly, 127 S Ct. at 1974)(internal citations omitted).

In sum, there is not enough there to determine whether, if taken as true, the Complaint's allegations would support claims for breach of contract, breach of the covenant of good faith, or wrongful discharge. More is required under Twombly.

The shortcomings of the state-law claims in the Complaint, in their present state, are insurmountable. The Court will therefore dismiss them for failure to state a claim. The Court will, however, dismiss them without prejudice to Armijo's ability to amend. Armijo has ten days from the date that this Memorandum Opinion and Order is entered to file an Amended Complaint. In the Amended Complaint, he must name a proper party in a 42 U.S.C. § 1983 suit. He must also set forth allegations sufficient to survive dismissal under Twombly.

**IT IS ORDERED** that the Defendant's Motion to Dismiss is granted without prejudice to Plaintiff Jerry Armijo's ability to amend. Armijo has ten days to amend his Complaint consistent with this Memorandum Opinion and Order. If Armijo does not file an Amended Complaint, the Court will enter a final judgment against Armijo and for the Department.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Jerry F. Armijo
Raton, New Mexico

    *Plaintiff, Pro se*

Mark A. Basham
Basham and Basham, P.C.
Santa Fe, New Mexico

    *Attorneys for the Defendant*