IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY ARMIJO,

       Plaintiffs,

vs.                                                                                                            No. CIV 08-0336 JB/ACT

STATE OF NEW MEXICO,
NEW MEXICO DEPARTMENT OF
TRANSPORTATION,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Amended Complaint, filed May 6, 2009 (Doc. 44). The primary issue is whether Plaintiff Jerry Armijo has cured the problems with his claim under 42 U.S.C. § 1983 that caused the Court to dismiss his original Complaint. Because Armijo has again not stated a cause of action under § 1983, and has thus not stated a federal cause of action, the Court will grant the motion to dismiss in part, dismiss the federal claims, and remand the remaining state-law claims and the case to state court.

## PROCEDURAL BACKGROUND

Armijo filed his original complaint in state court, naming only the State of New Mexico, New Mexico Department of Transportation. The DOT filed a motion to dismiss. See Motion to Dismiss, filed January 12, 2009. The Court held a hearing on March 13, 2009. The primary issues were: (i) whether the Court should dismiss Armijo's § 1983 claims because of Eleventh Amendment immunity; (ii) whether the Court should allow Armijo to amend his Complaint to cure jurisdictional defects; and (iii) whether the Court should dismiss all claims for failure to state claims under Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007). Because the DOT waived Eleventh-

Amendment immunity by removing this case to federal court, the Court retained jurisdiction. See Memorandum Opinion and Order at 7-9, filed April 6, 2009 (Doc. 42). Because the Court found, however, that Armijo failed to state a claim on his constitutional and state-law causes of action, the Court dismissed Armijo's claims against the DOT without prejudice. The Court allowed Armijo, within ten days of the Court's Memorandum Opinion and Order being entered, to amend his Complaint and to file an Amended Complaint to cure the defects in his Complaint and to properly plead his claims. In response to the Court's April 6, 2009 Memorandum Opinion and Order, Armijo filed an Amended Complaint naming in the caption "New Mexico Department of Transportation District 4." The DOT moves the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all claims under the doctrine announced in Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

## LAW REGARDING MOTIONS TO DISMISS

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006); Hous. Auth. of Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1967, 1969). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1974)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177. The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 127 S Ct. at 1974)(internal citations omitted).

## **ANALYSIS**

The Court has held a hearing and issued an opinion, trying to explain to Armijo whom he must name as a defendant if he wants to pursue a § 1983 claim for money damages. Armijo has not,

in his Amended Complaint, cured this flaw in his pleading. Accordingly, the Court will dismiss his federal claims, and remand the remaining state claims and case to state court.

**I.      ARMIJO'S 42 U.S.C. § 1983 CLAIMS CANNOT LIE AGAINST THE STATE.**

Armijo persists in suing the DOT rather than individuals for the alleged constitutional violations. The law is well-settled, however, that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)(emphasis in original). See Stidham v. Peace Officer Standards And Training, 265 F.3d 1144, 1156 (10th Cir. 2001)("Defendants correctly aver that neither a State nor its officials acting in their official capacities are 'persons' under § 1983 . . . . Thus, neither POST, as a governmental entity, nor the individual Defendants, in their official capacities for the State, may be sued for damages under that section.")(internal quotation marks and citations omitted). Thus, the Department, as an arm of the state, is not a proper defendant in Armijo's § 1983 claims. Armijo has not named any defendants who are not state entities. The Court will therefore dismiss Armijo's § 1983 claims.

At first glance, it might seem odd to find that the DOT waived its Eleventh Amendment immunity by removing the case to federal court and then finding that Armijo cannot sue the DOT because it is not a person under § 1983. Those are, however, separate issues. The Court does not lack subject-matter jurisdiction, but instead has the power to decide that the state entity is not a person under § 1983. While the Court agrees that the DOT is not a person amenable to a claim under § 1983, dismissal for such a defect is for failure to state a claim under rule 12(b)(6) and not for lack of subject-matter jurisdiction. In Will v. Michigan Department of State Police, the Supreme Court noted that, in enacting § 1983, Congress did not intend to curb states' Eleventh-Amendment immunity. See 491 U.S. at 66. The Supreme Court explained:

> Given that a principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, we cannot accept petitioner's argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through § 1983.

Will v. Michigan Department of State Police, 491 U.S. at 66.  Thus, part of the Supreme Court's rationale for finding that states are not "persons" under 42 U.S.C. § 1983 was that Congress did not intend to disturb the federal-state balance with 42 U.S.C. § 1983 to the point of overriding Eleventh-Amendment immunity.  Nevertheless, the Supreme Court carefully noted: "This does not mean . . . that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues.  Certainly they are.  But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it."  Will v. Michigan Department of State Police, 491 U.S. at 66-67.

In light of this language, the Court believes that the issue when a plaintiff attempts to sue the state pursuant to 42 U.S.C. § 1983 is not only whether a court has subject-matter jurisdiction, but also whether the plaintiff fails to state a claim upon which relief can be granted.  Under Will v. Michigan Department of State Police, there is no 42 U.S.C. § 1983 for damages against the state.  Thus, the Court has jurisdiction to reach the merits and to hold that an attempt, such as the one in this case, to sue the state under 42 U.S.C. § 1983 fails to state a claim.

Accordingly, in this case, no relief is possible on Armijo's federal claims because the Amended Complaint fails to identify a "person" who may be properly sued pursuant to § 1983 under the doctrine announced in Will v. Michigan.

**II.   THE COURT WILL REMAND ARMIJO'S STATE-LAW COUNTS TO STATE COURT.**

Having dismissed the claim on which the Court had original federal-question jurisdiction,

the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law claims.  See Pruitt v. Comcast Cable Holdings, LLC, 100 Fed. Appx. 713, 717 (10th Cir. June 3, 2004)(unpublished decision)(holding that the district court's refusal to exercise supplemental jurisdiction over plaintiff's state-law contract claims after dismissing all federal claims was "clearly authorized under 28 U.S.C. § 1367(c)(3)").  Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, [a] district court [] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A district court, however,

> may decline to exercise supplemental jurisdiction. . . if[:]
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The third provision applies to this case.  The Court has dismissed the claim on which it had original jurisdiction -- the procedural due process claim.  The remaining claims sound in state law.

The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.  In United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), decided more than twenty years before Congress passed 28 U.S.C. § 1367, the Supreme Court addressed the federal district courts' ability to exercise jurisdiction over state law claims.  In explaining that such

power existed, the Supreme Court noted that it "need not be exercised in every case in which it is found to exist." Id. at 726. The Supreme Court continued:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Id. (footnotes omitted). Cf. Bd. of County Comm'rs v. Geringer, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002)("The district court's ruling [in which it declined to review the state law claims] comports with our general admonishment that district courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial. . . .").

The Court has also considered and weighed the values of judicial economy, convenience, fairness, and comity. In this case, upon dismissing Armijo's federal law claims, the Court believes that fairness to Armijo and comity suggests that it should remand Armijo's remaining claims to the state court where he originally filed them. The New Mexico state courts are more experienced and knowledgeable about the contours of state law. Also, federal courts should strive to avoid deciding issues of state law when, as here, it is possible to do so. The Court also recognizes that Armijo filed this case originally in state court and that it was the DOT who removed this case on the basis of federal-question jurisdiction; returning this case to the state court would return it to the forum that Armijo selected. The Court will therefore remand the remaining state claims to state court.

**III.    THE COURT WILL LEAVE THE DOT'S MOTION TO STRIKE TO THE STATE COURT.**

The Court has taken a peek at the Defendant's Motion to Strike Plaintiff's Supplemental to Amended Complaint and Complaint for Damages and Second Wrongful Termination, filed June 10,

2009.  The Court need not decide that motion to grant the DOT's motion to dismiss and to remand the case.  The caption of Armijo's new document identifies "State Treasury and Other Responsible Parties I do not Know to Name."  Without deciding the motion to strike, the Court is doubtful the new parties solves the problems with Armijo's § 1983 claims.  The State Treasury is a state entity like the DOT, and the court routinely ignore John Does in determining motions to dismiss.  It is unlike that the Court's analysis would be any different if it considered Armijo's new document to be the operative pleading.  In any case, it appears that it would be most prudent at this stage of the proceedings for the Court to dismiss the federal claims and let the state court decide how it wants to deal with the remaining case, whatever claims may be present.

**IT IS ORDERED** that the Defendant's Motion to Dismiss Amended Complaint is granted in part.  The Plaintiff's federal claims are dismissed.  The remaining claims and case are remanded to the Fourth Judicial District Court, San Miguel County, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Jerry F. Armijo
Raton, New Mexico

   *Plaintiff, Pro se*

Mark A. Basham
Basham and Basham, P.C.
Santa Fe, New Mexico

   *Attorneys for the Defendant*